The Judges pronounced their opinions unanimously, that it was a hard case; but the appeal must be dismissed.
On the last day of that term, this order of dismission was set aside, and the case further considered.
Tuesday, May 22d. The Judges again pronounced their opinions.
JUDGE TUCKER.
The question arises upon that part of the chancery law, (a) which authorizes the Chancellor to grant an appeal in vacation next after the term when the decree shall have been rendered.
This is a question of jurisdiction, not of discretion. All the powers of this Court are statutory; it has no claim whatever to power from any other source; neither custom, prescription, long usage, or precedent, have any pretensions here, independent of statutory provisions. This has been repeatedly acknowledged in the cases of M’Call v. Peachy, Bedinger v. the Commonwealth, and Stras v. the Commonwealth. The time and manner of 162 proceeding in order to “give this Court cognisance of the cause, is, I conceive, as essential as the nature, or amount of the matter in controversy. If the party suffers it to élapse without proceeding as the law directs, he is as much concluded thereby, as he would be by a verdict for 99 dollars 19 cents damages, instead of 100 dollars, which is the lowest sum of which this Court can take cognisance. Until the Court has legal possession of any cause, although it be upon their docket, it has no power over it, but to dismiss it. Jurisdiction must in all cases precede discretion. In the present case, I conceive, we have not the former, and therefore that we cannot exercise the latter. My opinion therefore is, that the order of dismission be reinstated.
JUDGES ROANE and EEEMING were of the same opinion.
The order for dismission was therefore reinstated.

 1 Rev. Code, c. 64, s. 59.